UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOBBY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-01725-SEB-DKL |
| | ) | |
| CONNAN'S PAINT AND BODY SHOP, LLC, | ) | |
| BRYAN CONNAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO APPROVE AND ENFORCE SETTLEMENT AGREEMENT AND GENERAL RELEASE AND TO DISMISS WITH PREJUDICE**

This matter comes before us on Defendants Connan's Paint & Body Shop, LLC and Bryan Connan's Motion to Approve and Enforce Settlement Agreement. [Dkt. No. 22.] Having considered the parties' memoranda and arguments, we GRANT Defendants' Motion to Dismiss WITH PREJUDICE.

**Facts and Background**

Plaintiff Bobby Sanders was employed by Defendant Connan's Paint and Body Shop, LLC for thirteen years during which tenure he was paid on an hourly basis and commissions and at least as of the conclusion of his employment in August, 2014, he received $12.50 per hour. [Compl. at ¶ 9; Answer at ¶¶ 11-13.] Mr. Sanders filed this action on October 21, 2014 alleging that Defendants failed to pay him overtime wages for the hours he worked over 40 hours in a given work week. [Compl. at ¶ 16.] Mr. Sanders also alleges that Defendants failed to pay him minimum wage for the hours he worked and

did not pay him for all the regular hours he worked at the correct amount and in a timely fashion. [*Id.* at ¶¶ 18-19.] Defendants deny these allegations. [*See generally* Answer.]

In addition to this Complaint, Mr. Sanders has filed a claim for race discrimination against Connan's Paint & Body Shop, LLC with the Indiana Civil Rights Commission ("ICRC") (Charge Number EMra14080638). On November 19, 2014, the ICRC[1] conducted a mediation session with the parties, which Mr. Sanders and his sister attended in person as did Bryan Connan and his daughter, Deanna Connan. Neither party was represented by counsel at the mediation; however, at the time of the mediation, both parties had retained counsel. [Ronald E. Weldy Affidavit ("Weldy Aff.") at ¶ 4 (stating that he agreed to represent Mr. Sanders "with regard to this matter on September 25, 2014"); *id.* at ¶ 5 (stating that Matthew Derringer entered his Appearance on October 21, 2014 "with regard to the Charge filed with the" ICRC).]

The November 19, 2014 mediation was successful following several hours of negotiation. Ultimately, the parties agreed on the terms and conditions of a Settlement Agreement and General Release ("Settlement Agreement") which was executed the day of the mediation. [Dkt. No. 23-2.] Mr. Sanders's counsel was unaware of the Settlement Agreement until November 24, 2014 – five days after the agreement was executed. [Weldy Aff. at ¶ 6.] The Settlement Agreement provides, in relevant part, as follows:

---

[1] A dispute exists as to the identity of ICRC representative who mediated the parties' dispute. Defendants claim that the Deputy Director of the ICRC and attorney Akia A. Haynes conducted the mediation [Declaration of Bryan Connan ("Connan Decl.") at ¶ 4]; Mr. Sanders claims that the mediation was conducted by non-lawyer Diana Graves [Graves Decl. at ¶ 4]. This dispute is immaterial, however, for purposes of enforcing the Settlement Agreement.

>WHEREAS, Complainant [Bobby Sanders] and Respondent [Connan's Paint and Body] now desire fully, completely, and finally to compromise and settle any and all differences and claims between them.
>
>. . .
>
>1. Respondent agrees to pay to Complainant the total sum of $3,750.00 (three-thousand seven-hundred fifty dollars On [sic] Thursday, November 20, 2014. . . .
>
>. . .
>
>3. Complainant agrees to drop the pending civil suit against Respondent filed via Ronald Weldy of Weldy and Associates as cause number 1;14-CV-1725 [sic].
>
>4. The parties agree that the above referenced payment is compensation for complainant's lost wages and the car that Complainant was purchasing from Respondent,[2] and is not compensation for the above referenced civil suit.
>
>5. In consideration of the commitments made by the parties in paragraphs 1-4 above, Complainant does hereby irrevocably and unconditionally release, acquit, and forever discharge Respondent, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, and all persons acting by, through, under or in concert with any of them, from any and all charges, complaints, claims liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, which Complainant has against them arising directly or indirectly out of the above referenced complaint or the facts surrounding the complaint. The foregoing would also apply to complaints covered under title VII of the Civil Rights Act.
>
>. . .

---

[2] A dispute between the parties arose regarding Mr. Connan's alleged sale of a 2011 Honda Accord for a purchase price of $2,042 to Mr. Sanders in April 2014. [Compl. at ¶ 21.] Mr. Sanders's claim with regard to the sale of this vehicle was undisputedly settled between the parties. [*See* Counts III and IV.]

       7.    . . . . Complainant further understands and acknowledges that the participation of Respondent in this Agreement constitutes nothing but a good faith effort by Respondent to accomplish a full and complete resolution of the matters raised in the lawsuit and arising out of the relationship between Complainant and Respondent.

. . .

       10.    The parties represent that they have read this Agreement; that they fully understand each and every provision of this Agreement; that they have not relied upon any representation or statement made by the other party or the other party's agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Agreement; and that they have voluntarily executed this Agreement.

       11.    This Agreement does not include a release or waiver of rights or claims that may occur after the Agreement is executed.

On November 20, 2014, Mr. Sanders received the payment of $3,750.00 at Connan's office. [Connan Decl. at ¶ 7; *see also id.* at Ex. B (copy of the check) and Ex. C (receipt for the check signed by Mr. Sanders).] On November 19, 2014, Mr. Sanders filed a request with the ICRC to have his Complaint withdrawn against Connan's Paint and Body. Akia Haynes, Deputy Director of the ICRC, thus dismissed the ICRC Complaint with prejudice with notice to the parties. [Dkt. No. 23-5.] Despite the reportedly-successful mediation results and the broadly-worded settlement agreement between the parties, Plaintiff has not dismissed the Complaint in this action. We therefore must address the pending motion to dismiss filed by Defendants.

## Analysis

**1.    Counts II, III, IV of Plaintiff's Complaint.**

Defendants move to dismiss Counts II (Wage Payment Statute violation), III (Defamation), and IV (Breach of Contract) of the Complaint based in large part on

"Plaintiff's counsel['s admission] that the Settlement Agreement is enforceable as to Counts II through IV of Plaintiff's Complaint for Damages, . . . ." [Dkt. No. 23 at 2.] Somewhat surprisingly, Mr. Sanders agrees, stating:

> Given that Mr. Sanders has not tendered the $3,750.00 paid to him back to Connan's, Plaintiff cannot and does not contend that Counts II, III and IV of Plaintiff's Complaint should not be dismissed. [sic] Counsel for Plaintiff has never argued otherwise in this case.

[Dkt. No. 26 at 3.] Consequently, we GRANT Defendant's Motion to Dismiss with Prejudice Counts II, III, and IV of the Complaint.

Plaintiff's counsel should have voluntarily dismissed these counts given his client's concessions here. Counsel is reminded that 28 U.S.C. § 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Section 1927 requires more than counsel's representation that Plaintiff does not dispute that certain counts may be dismissed. Plaintiff's counsel has an affirmative duty to dismiss those claims rather than force Defendants to bear the cost and burden of moving to dismiss. Plaintiff's counsel has plainly

failed to take such responsibility to withdraw what are clearly futile or non-viable claims here.[3]

### 2.     Count I – FLSA Overtime Claim.

Mr. Sanders attempts to resuscitate his Fair Labor Standards Act ("FLSA") claim, despite his Settlement Agreement and acceptance of the settlement payment. The Settlement Agreement provides that "the above referenced payment is compensation for Complainant's lost wages and the car that Complainant was purchasing from Respondent, and is not compensation for the above referenced civil suit." This excerpt, Mr. Sanders contends, establishes that the settlement was unrelated to his FLSA claim. [Dkt. No. 26 at 4.]

Mr. Sanders's argument hangs on a weak thread. We suspect that his belated theory reflects a case of settler's remorse, perhaps egged on by his lawyer who was relegated to the role of bystander when the settlement was negotiated by his client. Mr. Sanders's position that the settlement excludes his FLSA claim ignores the fact that the settlement payment was, at least in part, to compensate him for "lost wages." [*Id.* at ¶ 4.] His argument is plainly inconsistent with his express agreement that the parties' settlement included a resolution of his claims under Count II for violations of the Wage Payment Statute based on Defendants' alleged "fail[ure] to pay Plaintiff his wages due and owing in a timely fashion." [*See* Compl. at ¶¶ 37-41.] If the Court were to adopt Mr. Sanders's

---

[3] Defendants have not sought sanctions against Plaintiff's counsel for violating § 1927, but they may choose to in a post judgment motion. We will therefore say nothing further on this matter at this time.

6

argument, we would have to disregard the language in the agreement wherein Mr. Sanders promised to "drop the pending civil suit" (identified as cause number 1:14-CV-1725) and "irrevocably and unconditionally" release the Defendants from all claims and controversies "of any nature, known or unknown, suspected or unsuspected, which Complainant has against them arising directly or indirectly out of the above referenced complaint or the facts surrounding the complaint." [Settlement Agreement at ¶¶ 3, 5.] The Settlement Agreement recites that the parties were seeking a "full and complete resolution of the matters raised in the lawsuit and arising out of the relationship between [Mr. Sanders and Connan's Paint & Body Shop]." [*Id.* at ¶ 7.][4] This includes his FLSA claim.

"Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain judgment enforcing the agreement." *MH Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 757 (Ind. Ct. App. 2010).[5] Here, all the evidence before us

---

[4] Although neither party raises the issue, the fact that the Settlement Agreement is between Bobby Sanders and Connan's Paint and Body, rather than Bryan Connan personally by name, is of no significance. The Settlement Agreement expressly releases Connan Paint and Body's "owners, . . . directors, officers, employees, and representatives." [Settlement Agreement ¶ 5.] It is undisputed that Bryan Connan is the owner and manager of Connan's Paint & Body Shop. [Compl. at ¶¶ 4-5; Answer at ¶¶ 4-5 (admit).] Consequently, any and all claims against Mr. Connan personally were released pursuant to the terms of the Settlement Agreement.

[5] Mr. Sanders draws our attention to certain paragraphs of the Settlement Agreement that were requested by Connan (as opposed to the ICRC). [Dkt. No. 26 at 4.] No party has argued that the Settlement Agreement is ambiguous. Well-settled Indiana law provides that courts "may not construe unambiguous language" in a contract. *Simon Prop. Group, L.P. v. Michigan Sporting Goods Distrib., Inc.*, 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005). Consequently, we need not address issues of construction of an agreement against the drafter because the agreement is not ambiguous.

indicates that the parties unequivocally agreed to settle *all* of their claims, including specifically those in the action pending before this court – which encompasses Mr. Sanders's FLSA claim.

The parties agree that their settlement resolved a bona fide dispute between them. It thus should be approved by the court.[6] Based on the fairness of the parties' settlement negotiation process and the substance of their resulting agreement, we hold that their agreement reflects a fair and reasonable settlement of Mr. Sanders's FLSA claim.[7] Whatever the merits of their initial dispute, the parties engaged in a good faith, arms-length negotiation overseen by a neutral third party – the ICRC – whose knowledge of the pending FLSA claim likely explains its inclusion in the overall Settlement Agreement.[8]

The parties did not apportion the settlement amount to Mr. Sanders's individual claims. Instead, they negotiated a single settlement amount to resolve all of Mr. Sanders's existing claims including his FLSA claim. Defendants paid him a total of $3,750, the

---

[6] The Seventh Circuit has ruled that judicial approval of FLSA settlements is necessary to prevent parties from establishing "sub-minimum wages" resulting from employers' bargaining with employees over minimum wages and overtime compensation. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986); *see also Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-01430-LJM, 2012 WL 1424417, at *1 (S.D. Ind. Apr. 24, 2012) ("FLSA collective action settlement agreements require judicial approval."). "Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Campbell*, 2012 WL 1424417, at *1 (citations and quotation marks omitted).

[7] The parties' dispute over whether Mr. Sanders worked overtime and received commissions on the cars he cleaned was also resolved by their Settlement Agreement. We need look no further at the factual merits of the parties' respective claims.

[8] Though neither party was represented by counsel at the mediation, both were accompanied by supportive family members.

fairness of which amount is better understood if that amount is interpreted as $250 for each of the 15 days he alleges he worked overtime. Viewed otherwise, this settlement amount can be construed to take into account 300 additional hours of straight time compensation (at $12.50 per hour) or 150 hours of time and a half (at $18.25 per hour). Since Defendants maintain that Mr. Sanders's time records do not reflect that he worked any overtime, the settlement is more than fair. Indeed, Mr. Sanders's counsel has himself endorsed it, saying: "Connan's paying $3,750.00, or some part thereof, for these 15 weeks of overtime wages is reasonable and fair." Counsel's view that Mr. Sanders "could have reached a more favorable settlement" had he been involved in the settlement discussions is pure speculation and more than a little pride on his part. [Dkt. No. 26 at 5.] For all these reasons, we have no difficulty concluding that the settlement was fair, adequate, and reasonable and should be enforced.

## Conclusion

The parties reached a settlement of all of Plaintiff's claims against Defendants, including Plaintiff's FLSA claim. The parties' settlement embodies fair and reasonable terms which accomplished their stated goal to resolve their dispute in its entirety. Accordingly, we approve the settlement including with regard to his FLSA claim and GRANT Defendants' Motion to Dismiss Plaintiff's Complaint WITH PREJUDICE. Judgment shall enter accordingly.

Date: ___9/28/2015___

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com

Matthew D. Derringer
WELDY & ASSOCIATES
mattderringer@yahoo.com

Ronald E. Weldy
WELDY LAW
weldy@weldylaw.com